## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CHRISTOPHER MUNSON,**
**on behalf of himself and on behalf**
**all others similarly situated,**

     **Plaintiff,**

v.                             **CASE NO.:**

**LGI HOMES CORPORATE, LLC,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER MUNSON ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendant, LGI HOMES CORPORATE, LLC ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.     Venue is proper in the Middle District of Florida because all of the events giving rise to these claims occurred in Riverview, Hillsborough County, Florida.

## PARTIES

4.      Plaintiff is a resident of Bradenton, Manatee County, Florida.

5.      Defendant is a foreign limited liability company organized under the laws of Texas and employed Plaintiff in Riverview, Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material hereto, Named Plaintiff CHRISTOPHER MUNSON was employed by Defendant as a licensed Real Estate Agent.

10.     The putative class of similarly situated employees consists of all other Real Estate Agents employed by Defendant within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

11.     At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12.     At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendant LGI HOMES CORPORATE, LLC within the meaning of the FLSA.

13.     At all times material hereto, Defendant LGI HOMES CORPORATE, LLC was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

2

14.     Defendant LGI HOMES CORPORATE, LLC continues to be an "employer" within the meaning of the FLSA.

15.     At all times material hereto, Defendant LGI HOMES CORPORATE, LLC was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

16.     At all times relevant to this action, Defendant LGI HOMES CORPORATE, LLC engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

17.     At all times relevant to this action, the annual gross sales volume of Defendant LGI HOMES CORPORATE, LLC exceeded $500,000 per year.

18.     At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendant.

### FACTS

19.     Named Plaintiff CHRISTOPHER MUNSON began working for Defendant as a licensed Real Estate Agent in April 2016, and he worked in this capacity until February 2018.

20.     At various times material hereto, Plaintiff and the Class worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rates.

21.     Defendant failed to pay Plaintiff and Members of the Class an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

3

22.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 et seq.

23.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of all Real Estate Agents employed by Defendant and whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA during the statutory period.

25.     Therefore, Notice is properly sent to: "Real Estate Agents employed by Defendant and whom Defendant failed to compensate for all of the overtime hours that they worked during the statutory period.

26.     The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

27.     Plaintiff is similar to the Class because he and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

28.     Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the Class.

29.     Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

30.     Overall, Plaintiff's experience as a Real Estate Agent who worked for Defendant is typical of that of the Class.

31.     Specific job titles or job duties of the Class do not prevent collective treatment.

32.     Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

33.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 32 of this Complaint, as fully set forth herein.

34.     Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b).  Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

35.     During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

36.     Defendant failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

37.     The Members of the Class are similarly situated because they were all employed as Real Estate Agents by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its Real Estate Agents for all of the overtime hours that they worked in accordance with the FLSA.

38.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1).  As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

39.     All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

40.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b)     Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)     Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and of opt-in Members of the Class at the applicable overtime rate as liquidated damages;

(h)     Judgment against Defendant, stating that its violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this __11__ day of May, 2018.

Respectfully submitted,

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@ wfclaw.com
**Attorneys for Plaintiff**